WITNESSES ⬩379(9) — IMPEACHMENT — OMISSION ON PRELIMINARY TRIAL.

In a prosecution for cattle theft, the defendant should be allowed to show by another witness that the state's witness, an accomplice, testified at an examining trial, concerning a different cow, to a list of "all" of the thefts made by defendant, and omitted the matter as to the cow in question.

Appeal from District Court, Young County; Wm. N. Bonner, Judge.

T. N. Bryant was convicted of cattle theft, and he appeals. Reversed.

Thos. G. Binkley, of Graham, for appellant. E. B. Hendricks, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. Appellant was convicted of cattle theft, his punishment being assessed at two years' confinement in the penitentiary.

The state's case is made, practically through the testimony of the accomplice, Willis. The circumstances of the corroboration are weak. Willis is contradicted by the defendant and his testimony. Appellant denied having anything to do with the animal in any criminal way.

Appellant made an application for a continuance for several named witnesses, alleging that the court prevented the clerk from issuing process. It seems from the state-ment the application for process was not satisfactory to the judge, and the clerk was ordered by the court not to issue it until the application for process was made fully sufficient in the estimation of the trial judge. It is also claimed that appellant was sick at the time of the trial, and was in such condition he ought not to have been put to trial. It is stated by the court that flight was not shown in the case. The writer is not clear about that phase of it. However, we are of opinion the continuance ought to have been granted; at least, it is a strong equitable showing, if not fully legal; but whether that be sufficient to reverse the case or not may not be here decided, as the testimony can be had upon another trial.

Appellant proposed to impeach the witness Willis. The bill shows that the appellant proposed to prove by J. L. Brady that he was present at the examining trial of the defendant, who was charged with cattle theft and bound over to the grand jury; that the prosecuting witness, Willis, testified on that examining trial, and while so testifying told of all the cattle deals in which defendant was implicated with prosecuting witness, and that at said examining trial Willis did not mention the little red Jeffery cow (the one set out in the indictment) in connection with Bryant, and did not give any testimony concerning said cow; that prosecuting witness, Willis, was asked the question by counsel for the defense as to whether or not he had told of all deals in which defendant was implicated, and Willis answered that he had. The state objected because the examining trial was not for the theft of the Jeffery cow, and no proper predicate was laid for the introduction of this testimony, and therefore the evidence was inadmissible. We do not believe these reasons assigned by the state were legally sufficient. The question has been decided favorably to appellant in Lewis v. State, 15 Tex. App. 647, and Hyden v. State, 31 Tex. Cr. R. 401, 20 S. W. 764.

The judgment is reversed, and the cause remanded.

---

NEWTON v. STATE. (No. 4745.)

(Court of Criminal Appeals of Texas. Dec. 12, 1917.)

CRIMINAL LAW ⬩1094—REVIEW—RECORD.

Where there is neither a statement of facts nor bill of exceptions and nothing presented which can be reviewed in the absence of these, a conviction will be affirmed.

Appeal from District Court, Bowie County; H. F. O'Neal, Judge.

Laura Newton was convicted of theft from the person, and she appeals. Affirmed.

E. B. Hendricks, Asst. Atty. Gen., for the State.

PRENDERGAST, J. Appellant appealed from a conviction of theft from the person.

There is neither a statement of facts nor bill of exceptions, and nothing presented which can be reviewed in the absence of these.

The judgment is affirmed.